IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| BRENDA KENNEY,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>  )<br>HALLMARK CARDS, INC.  )<br>  )<br>Defendant.  )<br>  ) | CIVIL ACTION<br><br>No. 08-CV-2134-CM |

**MEMORANDUM AND ORDER**

Plaintiff Brenda Kenney ("plaintiff") brings this action against Defendant Hallmark Cards, Inc. ("defendant"), claiming violations of the Americans With Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*, and the Kansas Act Against Discrimination, K.S.A. §§ 44-1001 *et. seq.*, and alleging defamation under Kansas common law.  This matter is currently pending before the court on Defendant's Motion to Dismiss, or, in the Alternative, for Summary Judgment or to Compel Arbitration (Doc. 7).

Defendant argues that plaintiff's claims should be dismissed for a variety of reasons, but that if the court is not going to dismiss her lawsuit in its entirety, then the court should compel arbitration under defendant's Dispute Resolution Program ("DRP").  Defendant's requests are inconsistent.  *See, e.g., Khan v. Parsons Global Servs., Ltd.*, 521 F.3d 421, 428 (D.C. Cir. 2008) ("[f]iling a motion for summary judgment based on matters outside of the pleadings is inconsistent with preserving the right to compel arbitration; if the motion is accompanied by a motion to compel arbitration in the alternative, the movant takes the risk that the district court will choose to rule on the motion for summary judgment, thereby preventing the movant from subsequently seeking arbitration.").  If the claims are arbitrable, the court must stay the proceeding.  9 U.S.C. § 3; *Volkswagen of Am., Inc. v.*

-1-

*Sud's of Peoria, Inc.*, 474 F.3d 966, 971 (7th Cir. 2007) ("For arbitrable issues, a § 3 stay is mandatory.") (citing *Shearson/Am. Exp., Inc. v. McMahon*, 482 U.S. 220, 226 (1987)); *Durkin v. CIGNA Prop. & Cas. Corp.*, 942 F. Supp. 481, 484 (D. Kan. 1996) ("Section 3 of the FAA requires that the court, upon application of a party, stay judicial proceedings if the issues are properly referable to arbitration."). Thus, the court will consider defendant's motion to compel arbitration before addressing the merits of plaintiff's claims, not simply as an alternative in the event the court does not dismiss plaintiff's claims.

## I. Factual Background

On May 2, 1989, plaintiff was hired by defendant on a part-time basis as an Assembler. She became a full-time employee on August 17, 1989. She was on medical leave from December 2001 through September 2002. On February 6, 2007, plaintiff's doctors advised defendant that plaintiff could not work due to neck and back pain. Defendant's Medical Department approved plaintiff for short term disability through May 22, 2007. On or about June 6, 2007, plaintiff remained off work on unpaid leave. Defendant terminated plaintiff's employment, effective June 21, 2007. On or about July 24, 2007, plaintiff filed a charge of discrimination for disability discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and Kansas Human Rights Commission ("KHRC").

On January 5, 2002, defendant implemented a Dispute Resolution Program ("original DRP"). In 2003, defendant issued an amended Dispute Resolution Program ("amended DRP"). Plaintiff is a covered employee under the amended DRP. The amended DRP states, "By continuing or accepting an offer of employment, all employees to whom this policy is applicable agree as a condition of employment to submit all covered claims to the Hallmark DRP and to accept an arbitrator's (or arbitrators') award as the final, binding, and exclusive determination of all covered claims." The

amended DRP covers claims "arising out of the employee's employment that the Company may have against the employee or the employee may have against the Company and/or individual employees acting within the scope of their employment regarding alleged unlawful or illegal conduct on the part of the Company . . . ." The parties agree that the amended DRP expressly covers employment discrimination claims and defamation claims. The DRP is a four-level program. The final step, level four, is binding arbitration. Under the amended DRP, if an employee is not satisfied with the level-two determination, the employee must submit a request for mediation or arbitration within thirty days of the receipt of the final determination.

Defendant treated plaintiff's July 2007 EEOC and KHRC charge as a level-two request under the DRP. On September 27, 2007, defendant sent a copy of its level-two final determination to plaintiff by mail. The determination concluded that plaintiff's termination was based on legitimate nondiscriminatory and non-retaliatory reasons. The determination also advised plaintiff that if she did not agree with the conclusion, then she must submit a request for mediation or arbitration within thirty days. Plaintiff did not submit a request for mediation or arbitration at any time.

## II.   Legal Standards

The Federal Arbitration Act ("FAA") "evinces a strong federal policy in favor of arbitration." *ARW Exploration Corp. v. Aguirre*, 45 F.3d 1455, 1462 (10th Cir. 1995) (citing *Shearson/Am. Express, Inc.*, 482 U.S. at 226). When an agreement contains an arbitration clause, "a presumption of arbitrability arises . . . ." *Id.* (citing *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986)). The presumption of arbitrability does not apply, however, when the parties dispute whether a valid and enforceable arbitration agreement exists. *See Riley Mfg. Co. v. Anchor Class Container Corp.*, 157 F.3d 775, 779 (10th Cir. 1998) (citation omitted).

A defendant bears the initial burden of showing that an arbitration agreement is valid. *SmartText Corp. v. Interland, Inc.*, 296 F. Supp. 2d 1257, 1262–63 (D. Kan. 2003) (citations omitted); *Phox v. Atriums Mgmt. Co.*, 230 F. Supp. 2d 1279, 1282 (D. Kan. 2002). Once the defendant has met this burden, the plaintiff must show that a genuine issue of fact remains about the agreement. *SmartText Corp.*, 296 F. Supp. 2d at 1263; *Phox,* 230 F. Supp. 2d at 1282. "Just as in summary judgment proceedings, a party cannot avoid . . . arbitration by generally denying the facts upon which the right to arbitration rests . . . ." *Tinder v. Pinkerton Sec.*, 305 F.3d 728, 735 (7th Cir. 2002).

Generally, whether a valid arbitration agreement exists is governed by state law principles of contract formation. *Kerr v. Dillard Store Servs., Inc.*, No. 07-2604-KHV, 2008 WL 2152046, at *3 (D. Kan. May 21, 2008) (citing *Hardin v. First Cash Fin. Servs., Inc.,* 465 F.3d 470, 475 (10th Cir. 2006). "Under Kansas law, the question whether the parties have created a binding contract depends on their intent and is a question of fact." *Id*. (citing *Reimer v. Waldinger Corp.,* 959 P.2d 914, 916 (1998)).

## III.  Discussion

Defendant seeks arbitration under the amended DRP, which provides that by continuing employment with defendant the employee agrees as a condition of employment to submit all covered claims to defendant's DRP. Plaintiff argues that the amended DRP is invalid because (1) the Missouri Court of Appeals found the original DRP invalid in *Morrow v. Hallmark Cards, Inc.*, No. WD 67440, 2008 WL 2582662, at *1 (Mo. App. W.D. June 30, 2008) and (2) plaintiff was never informed of the introduction of the DRPs because she was absent from work from December 2001 through September 2002.

The *Morrow* court found that the plaintiff, as a former employee of Hallmark, had no contractual duty to arbitrate her claims under the original DRP, because (1) the original DRP was not

mutual—Hallmark reserved the right, in its sole discretion, to modify or revoke the provisions of the program and (2) under Missouri law, there was no contract because there was no legal consideration—"continued employment" in the at-will employment relationship did not constitute legal consideration under Missouri law. *Id*. at *1.

The court finds *Morrow* unpersuasive. First, in *Morrow*, the court analyzed the validity of defendant's original DRP, not the amended DRP at issue here. 2008 WL 2582662, at *6 (discussing the non-mutual nature of the original DRP). Under the amended DRP, defendant is mutually bound to bring covered claims under the DRP and any modifications to the DRP do not become effective until sixty days after notice to the employees and do not apply to pending claims. (Doc. 7 Ex. A, amended DRP at 2, 4.) Second, *Morrow* was decided under Missouri law. 2008 WL 2582662 at *3. Under Kansas law, "an at-will employee *does* work under an employment contract, by which, at its most basic level, the employee promises to do a certain job and the employer promises payment therefor; the failure to fulfill either promise constitutes a breach of contract. The issue becomes whether that contract contains a certain provision-governing termination, for example, or, in this case, arbitration." *Durkin*, 942 F. Supp. at 487. Similar to the arbitration policy in *Durkin*, the amended DRP makes clear that a contractual duty of arbitration was created. *Id*. The amended DRP specifically states that it "is a condition of employment." (Doc. 7 Ex. A, amended DRP at 1, 13.) It further states that the arbitration decision is binding on both defendant and the employee, subject to review by the courts. (Doc. 7 Ex. A, amended DRP at 13.)

Although the amended DPR contains an arbitration provision, the court must determine whether plaintiff intended to be bound by the amended DPR. Plaintiff contends that she did not intend to be bound by defendant's DPR, arguing she "was never informed of the introduction of the DRP because she was absent from work on medical leave from December 2001 through September 2002."

(Doc. 8, Pl.'s Response at 15.)  To support her allegations, plaintiff merely relies on her Notice of Award of Social Security Disability Insurance, which shows she received disability payments for December 2001 through September 2002.  She does not address whether she received information about the amended DRP, which was issued in 2003.  In his September 2008 affidavit, Darrell Dryer, defendant's Employee Relations Director, states that plaintiff was mailed information about the original DRP in December 2001 and information about the amended DRP in July 2003 and that defendant has no record of the either mailing being returned or undeliverable.  Plaintiff cannot avoid arbitration by just generally denying the facts upon which the right to arbitration rests.  *Tinder*, 305 F.3d at 735–36 (finding plaintiff's affidavit stating she did not recall seeing or reviewing the arbitration Program brochure does not raise a genuine issue of material fact when defendant's uncontroverted affidavits indicate that the brochure was definitely sent and presumably received with her paycheck).  Her allegation that she was not at work from December 2001 through September 2002 is insufficient to create a genuine issue of fact regarding whether she was aware of the DRPs when the record shows that, despite being off work, information regarding both the original and amended DRPs was sent to her home address.  Based on the record, the court finds that the amended DRP is a valid, binding contract to arbitrate, which the parties intended to be bound by.

Accordingly, the court grants defendant's request for an order compelling arbitration and staying proceedings in this case.  In light of the court's ruling, it need not address the remaining issues presented in defendant's motion.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss, or, in the Alternative, for Summary Judgment or to Compel Arbitration (Doc. 7) is granted in part and denied as moot in part.

**IT IS FURTHER ORDERED** that the court compels arbitration between the parties and stays this case pending resolution of the arbitration of plaintiff's claims.  Counsel for the parties are directed

to report to the court in writing no later than April 1, 2009, concerning the status of that arbitration in the event that it has not been terminated earlier.  Failure to report to this court will lead to dismissal of this case for lack of prosecution.

       Dated this 7th day of January 2009, at Kansas City, Kansas.

                                 s/ Carlos Murguia
                                 **CARLOS MURGUIA**
                                 **United States District Judge**